### OCCIDENTAL REALTY CO. v. PALMER.

(Supreme Court, Appellate Term. June 27, 1907.)

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.

Where a person, suing for the breach of a contract for the sale of land, obtains a judgment impressing a vendee's lien for the amount of deposit paid, but not for his expenses incurred in examining the title, though there was sufficient proof to establish that item, for the reason that there was no authority in law for extending the lien so as to cover it, he is not precluded by the judgment from bringing a separate action for that expense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1267.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the Occidental Realty Company against Washington Palmer. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

M. S. & I. S. Isaacs, for appellant.
Isaac N. Miller, for respondent.

PER CURIAM. The plaintiff sued for damages arising from the breach of a contract for the sale of real estate by the failure of defendant to tender to plaintiff a good and marketable title to 'said real estate at the time required by the contract. Judgment was rendered in 'favor of defendant, dismissing the complaint for failure of proof. Plaintiff appeals.

The only evidence offered was on the subject of damages sustained by plaintiff, being the expenses of the examination of title. In another action in the Supreme Court the plaintiff recovered a judgment on said claim of breach of contract, impressing a vende~'s lien on the premises for the amount of the deposit paid by plaintiff and the expenses incurred in examining the title. The Appellate Division, however, reduced the vendee's lien to the amount paid as deposit only, on the ground that there was no authority in law for extending the lien so as to cover the costs of examining the title, as such costs were neither money paid as part of the consideration nor money expended in improvement upon the property, and the principle of law upon which the doctrine of a vendee's lien rests does not warrant such an extension of the lien. Plaintiff, therefore, brought a separate action, the one here under consideration, for the cost and expenses of examining the title. Plaintiff offered abundant proof to establish this item of damage, and no evidence whatever was offered by defendant. It is clear, therefore, that the ground of "failure of proof," upon which the complaint was dismissed, was not well founded. The Appellate Division (Occidental Realty Co. v. Palmer, 117 App. Div. 505, 102 N. Y. Supp. 648) has held that the defendant was guilty of a breach of contract and that plaintiff was entitled to a vendee's lien for the amount of the deposit, but not for the expenses of examining the title, as such an item cannot in law be included in the amount of a vendee's lien, although it was there admitted that these expenses are undoubtedly an item of plaintiff's damages. Plaintiff has, therefore, no other recourse but to bring a separate action for such expenses. Defendant relies upon the well-accepted principle that a judgment concludes the parties, not only as to those matters actually litigated, but as to those matters which might have been litigated in the action. But we do not think this principle applies to the case at bar.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.